**In re Anthony JONES, Appellant.**

**No. 11–FM–561.**

District of Columbia Court of Appeals.

Submitted April 3, 2012.
Decided Sept. 13, 2012.
Amended Sept. 27, 2012.

Raymond J. Rigat was on the brief for appellant.

Ronald C. Machen Jr., United States Attorney, Roy W. McLeese III, Assistant United States Attorney at the time the brief was filed, and Chrisellen R. Kolb, Adrienne Moran, and Sarah J. Schall, Assistant United States Attorneys, were on the brief for appellee.

Before WASHINGTON, Chief Judge, GLICKMAN, Associate Judge, and FARRELL, Senior Judge.

WASHINGTON, Chief Judge:

Anthony Jones argues that the trial court plainly erred in finding him guilty of criminal contempt for his failure to comply with a Civil Protection Order ("CPO"). Appellant argues that the specific requirement that he abstain from using illegal substances as contained in the CPO was a condition relating only to his ability to have unsupervised visitation with his son, and therefore, his use of drugs generally could not serve as a basis for finding him guilty of criminal contempt. We agree and reverse.

## I.

Appellant and Ms. Leslie Akinola, the mother of his son, were involved in a domestic altercation, which led to Ms. Akinola's filing of a petition for a CPO. Judge Saddler held a hearing and in June 2010 issued a CPO, which ordered appellant to stay away from Ms. Akinola and her mother, and not assault, threaten, harass, or stalk Ms. Akinola and her family or destroy her property. Finding that appellant loved his child and would do him no harm, Judge Saddler provided that, "[appellant] may have unsupervised visitation with the parties' minor child so long as [appellant] does not use illegal drugs." After appellant explained that when dealing with the petitioner, "I'm going to need everything on paper," Judge Saddler informed the parties that the CPO would read in the following manner: "[appellant] may have unsupervised visitation with the parties' minor child as long as [appellant] does not use illegal substances around the child or otherwise." The trial court also ordered that appellant participate in a drug testing program administered by the D.C. Court Services and Offender Supervision Agency ("CSOSA") and then commented, "[y]ou shouldn't being using illegal substances anyway."

Later that year, CSOSA issued an Alleged Violations Report, which alleged that appellant violated the conditions of the CPO by failing to abstain from substance abuse, report for scheduled drug testing, and obey all laws. In its report, CSOSA recommended that appellant be held in contempt for violating the terms of the CPO. The matter was assigned to Judge Holeman who held a violations hearing and found appellant guilty of two counts of criminal contempt—one for his failure to abstain from substance abuse and the other for his failure to report for scheduled drug testing. Appellant was sentenced to sixty days incarceration for each count, to run consecutively, and payment of a $200 fine. Appellant then noted an appeal.[1]

## II.

Appellant does not argue that he abstained from using illegal substances. Instead, he argues, for the first time on appeal, that the CPO required him to abstain from using illegal substances only as a condition of his right to unsupervised visitation with his son and that, although this right could be withdrawn if he was found to have used drugs, the CPO by its terms did not subject him to a contempt adjudication for drug usage.

■■■ "To establish the elements of a criminal violation of a CPO, the government must present evidence beyond a reasonable doubt that the defendant engaged in (1) willful disobedience (2) of a protective court order." *In re Sobin,* 934 A.2d 372, 374 (D.C.2007). "Willful ... means [ ] that the person charged with the duty knows what he is doing." *Id.* (citation omitted) (internal quotation marks omitted). This court may not reverse the trial

court's findings of a violation of a CPO unless they are without evidentiary support or plainly wrong. *Ba v. United States,* 809 A.2d 1178, 1182 (D.C.2002). We must view the evidence in a light most favorable to sustaining the judgment, "giving full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Rivas v. United States,* 783 A.2d 125, 134 (D.C.2001) (en banc) (citation omitted) (internal quotation marks). "[P]roof of guilt [is] sufficient if, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original) (citation omitted) (internal quotation marks).

■■■ In applying the foregoing standards to the evidence in this case, we are satisfied that Judge Holeman's finding that appellant violated the terms of the CPO is plainly wrong and that no rational fact finder could have found appellant guilty of criminal contempt beyond a reasonable doubt. Our conclusion is not a difficult one to reach because the government wholly failed to produce any evidence that appellant willfully disobeyed the CPO. In this case, Judge Holeman found that appellant had violated the terms of the CPO by using marijuana on several occasions based on positive drug tests that were administered periodically by the probation office. However, by its express terms, the CPO only required appellant to abstain from the use of illegal substances as a condition of his continued right to visit with his child. It carried no free-standing

---

1. Appellant concedes that the trial court could reasonably have found that he violated the CPO for failing to report for drug testing, as he did not challenge the allegation that he

had missed testing appointments. Therefore, appellant only challenges his conviction for criminal contempt based on his failure to abstain from substance abuse.

requirement that he abstain from drug use under pain of criminal contempt.

██ "[C]riminal contempt is 'a special situation.'" *In re Robertson,* 940 A.2d 1050, 1057 (D.C.2008) *on reh'g,* 19 A.3d 751 (D.C.2011) (quoting *United States v. Dixon,* 509 U.S. 688, 742, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (Blackmun, J., concurring in part and dissenting in part)). Unlike general criminal laws that aim to punish an offense against the community at large, "[t]he purpose of contempt is ... to punish the specific offense of disobeying a court order." *Id.* Therefore, before a defendant can be convicted of criminal contempt, constitutional due process requires that he be on notice of the type of conduct that constitutes a violation of the court's order.

In our cases addressing the revocation of probation, where a probationer's release is revoked for violating court-imposed conditions, we have made it clear that, "probation may not be revoked in the absence of a threshold determination that there has been a violation of the express conditions of probation, or of a condition so clearly implied that a probationer, in fairness, can be said to have notice of it." *Resper v. United States,* 527 A.2d 1257, 1260 (D.C. 1987) (citation omitted) (internal quotation marks). Applying these same principles of notice to the contempt case at hand, we hold that no reading of the CPO expressly or by clear implication required appellant to abstain from use of illegal substances or risk contempt; and no evidence was presented that he reasonably should have known that use of drugs would subject him to a contempt adjudication rather than likely revocation of his right to unsupervised visitation with his son.

Our review of the record supports our reading of the CPO. At the time the CPO was issued, Judge Saddler's only expressed concern was appellant's use of drugs when visiting with his child. In fact, after setting forth the condition that appellant not use drugs around the child during unsupervised visitation, Judge Saddler commented, "[appellant] shouldn't be using illegal substances anyway." This admonishment by the trial court reveals that CPO did not contemplate that the CPO would prohibit all drug use under pain of contempt. Had the court intended contempt—rather than or in addition to withdrawal of unsupervised visitation—to be a sanction for drug use, it surely would have known how to draft that order.

Therefore, for these reasons, we reverse appellant's conviction for criminal contempt.

*So ordered.*